UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRYAN MICHAEL OWENS,<br><br>               Petitioner,<br><br>   v.<br><br>JASON BENNETT,<br><br>               Respondent. | CASE NO. 3:24-cv-05272-DGE<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 4) |

Presently before the Court is the Report and Recommendation ("R&R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge. (Dkt. No. 4.) On April 19, 2024, Petitioner filed a petition for writ of habeas corpus and an application to proceed in forma pauperis ("IFP"). (Dkt. No. 3.) Petitioner's IFP application stated that he had no income or assets beyond the $37.20 in his prison trust account. (*Id.* at 2.) Petitioner's prison trust account shows average monthly receipts totaling $314.17 and an average spendable balance of $37.20. (Dkt. No. 3-9.) On April 22, 2024, Judge Tsuchida found the funds in Petitioner's prison trust account show he can pay the $5.00 fee for filing a federal habeas petition, and issued an R&R recommending that Petitioner's IFP application be denied. (Dkt. No. 4.)

On May 3, 2024, Petitioner filed objections to the R&R. (Dkt. No. 5.) Petitioner raises several objections but does not directly address his ability to pay the $5.00 filing fee.

ORDER ADOPTING REPORT AND
RECOMMENDATION (DKT. NO. 4) - 1

Petitioner does argue, briefly, that Judge Tsuchida failed to apply 28 U.S.C. § 1915. (*Id.* at 1.)  The Court does not agree.  Under 28 U.S.C. § 1915(a)(1), a petitioner may bring a civil action "without prepayment of fees or security thereof" if the petitioner submits a financial affidavit that demonstrates he or she "is unable to pay such fees or give security therefor." § 1915 "requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."  *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (reversed on other grounds).

Based on the information available to the Court, Petitioner appears to have sufficient funds to pay the $5.00 filing fee.  "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960).  However, if an IFP applicant is able to pay the fee without depriving themself of basic needs, then a court is justified in requiring them to pay the filing fee.   *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989).  Petitioner does not argue that paying the filing fee would create a hardship for him, and he should be required to pay the fee before proceeding with his case.

Having reviewed the Report and Recommendation of the assigned United States Magistrate Judge and Plaintiff's objections, the Court finds and ORDERS:

(1)     The Court ADOPTS the Report and Recommendation (Dkt. No. 4).

(2)     The IFP application (Dkt. No. 3) is DENIED.  Petitioner shall pay the $5.00 filing fee within 14 days of the date of this order or the matter will be dismissed without prejudice.

(3)     The Clerk is directed to send copies of Petitioner.

1   Dated this 24th day of May, 2024.

David G. Estudillo
United States District Judge

ORDER ADOPTING REPORT AND
RECOMMENDATION (DKT. NO. 4) - 3